## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-03214-SRC |
| ) | |
| DAVE SCHMIDTT, ) | |
| ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Kevin D. McGee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, and for the reasons discussed below, petitioner will be directed to show cause as to why his petition should not be dismissed as untimely and for failure to exhaust state remedies.

### Background

Petitioner is a self-represented litigant who is currently being held at the Southeast Missouri Mental Health Center in Farmington, Missouri. On December 4, 2019, the Court received a handwritten document from petitioner that consisted of a state circuit court petition for writ of habeas corpus, apparently signed on August 4, 2016. (Docket No. 1 at 9). Attached to the petition were seventy-seven pages of exhibits. (Docket No. 1-1). The Court construed this document as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, on April 24, 2020, the Court directed petitioner to file an amended petition on a Court-form. (Docket No. 3). Petitioner's amended petition was received on May 20, 2020. (Docket No. 7).

In the amended petition, petitioner states that he was found not guilty by reason of insanity on charges of stealing, assault, and flourishing a weapon on June 8, 1988. (Docket No. 7 at 1).

Petitioner indicates on the form petition that he filed a direct appeal. (Docket No. 7 at 2). However, petitioner provides no case citation, and says that the result of the appeal was a decision of "no appealability." He also indicates that he sought further review, but instead of providing information regarding an appellate case, he refers instead to a mediation hearing, in which he was appointed a guardian-ad-litem. Petitioner does mention filing a Missouri Supreme Court Rule 91 motion, in which he sought unconditional release. As a result of that motion, petitioner states that "they declared that [he] was incapacitated" in May 1995. (Docket No. 7 at 3). The Court has been unable to review petitioner's criminal case on Case.net, Missouri's online case management system, likely because the case resulted in an acquittal by reason of insanity.

Petitioner presents four grounds for relief in the amended petition. In ground one, petitioner asserts that he received ineffective assistance of counsel, and that he was "set up by 2 vice cops." (Docket No. 7 at 4). In ground two, petitioner states that he is being kept in a state hospital in an attempt to embezzle the government. (Docket No. 7 at 6). In ground three, petitioner states that he "was set up as a confidential informant." (Docket No. 7 at 7). Finally, in ground four, petitioner asserts that he was "reluctant towards the above," and that he "did want to go to prison[,] however they were wanting [him] to take out the plea bargain and run with it." (Docket No. 7 at 9).

In the section of the form petition regarding timeliness, petitioner writes that he "reiterate[s] that [he] was in jail over 8 months before [his] acquittal was signed and delivered." (Docket No. 7 at 12).

## Discussion

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. He appears to be challenging a 1988 judgment that found him not guilty by reason of insanity. For the reasons discussed below, petitioner will be directed to show cause as to why this challenge

should not be summarily dismissed as time-barred. Furthermore, to the extent that petitioner may be seeking conditional or unconditional release from commitment, petitioner must demonstrate that he has exhausted his state remedies.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). For judgments that were entered before the enactment of the AEDPA, there was a one-year grace period for the filing of postconviction relief actions. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). That grace period ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Here, petitioner's state court judgment occurred on June 8, 1988, before the enactment of the AEDPA. Thus, he would have had to file his 28 U.S.C. § 2254 petition by April 24, 1997 in order to be timely. At this point, over two decades have elapsed since the statute of limitations period expired. Therefore, the petition appears to be untimely. As such, to the extent petitioner is challenging his 1988 judgment, petitioner will be directed to show cause as to why this action should not be denied and dismissed as time-barred.

**B. Exhaustion**

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29

(2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

4

Here, petitioner appears to be challenging his 1988 judgment. However, to the extent that he may be seeking conditional or unconditional release from commitment, he has not demonstrated that he has exhausted his state court remedies before filing this action. That is, he has not applied for release under Mo. Rev. Stat. § 552.040, or filed an appeal from the denial of that request. As such, if petitioner is requesting release from commitment, he will be directed to show cause as to why this action should not be denied and dismissed for failure to exhaust state remedies.

### C. Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, with regard to petitioner's 1988 judgment, it appears that petitioner's petition is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, to the extent that petitioner is challenging his 1988 judgment, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, as to why this action should not be dismissed as untimely.

Furthermore, to the extent that petitioner might be seeking conditional or unconditional release, there is no indication that petitioner has exhausted his state remedies. If petitioner is seeking conditional or unconditional release, he must provide evidence of exhaustion. That is, he must show that he has sought release pursuant to Mo. Rev. Stat. § 552.040, and appealed an adverse decision to the Missouri Court of Appeals. Therefore, the Court will order petitioner to show cause, in writing and no later than thirty days from the date of this order, as to why this action should not be dismissed for failure to exhaust state remedies.

### D. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 6). Having reviewed the motion, the Court finds that it should be granted.

### E. Motion to Appoint Counsel

Petitioner has also filed a motion for appointment of counsel. (Docket No. 4). The motion will be denied at this time as petitioner is being ordered to show cause why this action should not be summarily dismissed as time-barred, and for failure to exhaust state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 4) is **DENIED**, without prejudice, at this time.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant petition for writ of habeas corpus as untimely and for failure to exhaust state remedies.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response within thirty days will result in the denial of the instant habeas corpus petition and the dismissal of this action without further notice or further proceedings.

Dated this 15th day of June, 2020.

_SL R. CR_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE