UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:19-cv-03214-SRC |
| | ) |
| DAVE SCHMIDTT, | ) |
| | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of the response of petitioner Kevin D. McGee to the Court's show cause order of June 15, 2020. (Docket No. 9). Having reviewed the response, and for the reasons discussed below, the Court will deny and dismiss the petition as untimely, and for failure to exhaust state remedies.

**Background**

Petitioner is a self-represented litigant who is currently being held at the Southeast Missouri Mental Health Center in Farmington, Missouri. On December 4, 2019, the Court received a handwritten document from petitioner that consisted of a state circuit court petition for writ of habeas corpus, apparently signed on August 4, 2016. (Docket No. 1 at 9). Attached to the petition were seventy-seven pages of exhibits. (Docket No. 1-1). The Court construed this document as an attempt to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, on April 24, 2020, the Court directed petitioner to file an amended petition on a Court-form. (Docket No. 3). Petitioner's amended petition was received on May 20, 2020. (Docket No. 7).

In the amended petition, petitioner stated that on June 8, 1988, he was found not guilty by reason of insanity on charges of stealing, assault, and flourishing a weapon. (Docket No. 7 at 1).

Petitioner indicated on the form petition that he filed a direct appeal. (Docket No. 7 at 2). However, petitioner provided no case citation, and asserted that the result of the appeal was a decision of "no appealability." He also indicated that he sought further review, but instead of providing information regarding an appellate case, he referred instead to a mediation hearing, in which a guardian-ad-litem was appointed for him. Petitioner does mention filing a Missouri Supreme Court Rule 91 motion, in which he sought unconditional release. As a result of that motion, petitioner stated that "they declared that [he] was incapacitated" in May 1995. (Docket No. 7 at 3). The Court was unable to review petitioner's criminal case on Case.net, Missouri's online case management system, likely because the case resulted in an acquittal by reason of insanity.

The amended petition presented four grounds for relief. In ground one, petitioner asserted that he received ineffective assistance of counsel, and that he was "set up by 2 vice cops." (Docket No. 7 at 4). In ground two, petitioner stated that he was being kept in a state hospital in an attempt to embezzle the government. (Docket No. 7 at 6). In ground three, petitioner claimed that he "was set up as a confidential informant." (Docket No. 7 at 7). Finally, in ground four, petitioner alleged, somewhat confusingly, that he was "reluctant towards the above," and that he "did not want to go to prison[,] however they were wanting [him] to take out the plea bargain and run with it." (Docket No. 7 at 9).

On June 15, 2020, the Court ordered petitioner to show cause why his petition should not be dismissed as untimely, and for failure to exhaust state remedies. With regard to timeliness, the Court noted that petitioner's state court judgment occurred on June 8, 1988, and that he needed to file a 28 U.S.C. § 2254 petition by April 24, 1997 in order to be timely. That did not occur, and the Court pointed out that over two decades had elapsed since the expiration of the statute of

limitations. As such, to the extent petitioner was challenging his 1988 judgment, he was directed to show cause as to why his petition should not be denied and dismissed as time-barred.

With regard to exhaustion, the Court explained that to the extent that petitioner was seeking conditional or unconditional release from commitment, he had not demonstrated the exhaustion of state court remedies. That is, he had not shown that he had applied for release from commitment, and then filed an appeal from the denial of that request. As such, petitioner was also directed to show cause as to why his petition should not be denied and dismissed for failure to exhaust state remedies.

Petitioner was given thirty days in which to file a show cause response. On June 25, 2020, petitioner submitted a document titled "Motion for Habeas Corpus." (Docket No. 9). The Court has received no other filings from petitioner, and has construed this motion as his show cause response.

### Petitioner's Show Cause Response

As noted above, petitioner's show cause response is titled "Motion for Habeas Corpus." In the response, petitioner states that he is being held "unlawfully" and "deprived of his freedom" in violation of the Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (Docket No. 9 at 2). He also states that federal habeas corpus review is an essential right, and that the Court "has made no attempt to arrive at an interpretation of the statute which makes sense from [a] policy standpoint." (Docket No. 9 at 1). To support this proposition, he has included the citation to a Maine Law Review article, as well as to the Congressional Record.

Petitioner's response fails to address the issues raised by the Court's June 15, 2020 show cause order. That is, he makes no attempt to establish that his petition is timely, or that he has exhausted his state remedies.

**Discussion**

Petitioner is a self-represented litigant who brings this action pursuant to 28 U.S.C. § 2254. He is currently committed to the Southeast Missouri Mental Health Center and appears to be challenging a 1988 judgment that found him not guilty by reason of insanity. On June 15, 2020, the Court ordered him to show cause as to why his petition should not be denied and dismissed as untimely, and for failure to exhaust state remedies. The Court has received a response from petitioner that does not address these issues. As such, for the reasons discussed below, the Court must dismiss this action as time-barred and for failure to exhaust.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). For judgments that were entered before the enactment of the AEDPA, there was a one-year grace period for the filing of postconviction relief actions. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999). That grace period ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Here, petitioner's state court judgment occurred on June 8, 1988, before the enactment of the AEDPA. Because he was entitled to the grace period, he was required to file his 28 U.S.C. § 2254 petition by April 24, 1997 in order to be timely. There is no indication that he did so. At this point, over two decades have elapsed since the statute of limitations period expired, making the instant petition untimely. Petitioner was given the opportunity to address this issue, but his show cause response does not present any reason why his petition should be considered timely, or that equitable tolling should be applied. As such, to the extent that petitioner is challenging his 1988 judgment, the petition must be denied and dismissed as time-barred.

**B. Exhaustion**

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This requirement provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

The requirement that a petitioner exhaust his state remedies applies with equal force to a habeas challenge to state custody pursuant to civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (determining that a civilly committed sex offender had failed to

5

exhaust his state court remedies). In order to satisfy the requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process." *Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002). This means that in Missouri, a civilly committed individual must apply for release under Mo. Rev. Stat. § 552.040. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). Additionally, if the request for release is denied, the individual must appeal to the Missouri Court of Appeals. *Id*.

Here, petitioner appears to be challenging his 1988 judgment. However, to the extent that he may be seeking conditional or unconditional release from commitment, he has not demonstrated that he has exhausted his state court remedies before filing this action. That is, he has not applied for release under Mo. Rev. Stat. § 552.040, or filed an appeal from the denial of that request. Petitioner was given the opportunity to demonstrate to the Court that he had actually applied for such release, but his response is silent on the matter. Because there is no indication that petitioner has exhausted his state remedies, this action must be denied and dismissed.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, to the extent that petitioner is challenging his 1988 judgment, it is plainly apparent that his case is time-barred. As discussed in more detail above, petitioner's judgment occurred before the enactment of the AEDPA, meaning that he had until April 24, 1997 to file his petition. It has been over two decades since that date passed. Therefore, the petition is untimely, and must be denied and dismissed. *See* 28 U.S.C. § 2244(d)(1)(A).

Furthermore, to the extent that petitioner is seeking conditional or unconditional release under Mo. Rev. Stat. § 552.040, petitioner has not demonstrated that he has exhausted state remedies. Exhaustion is a prerequisite to filing suit in federal court. Therefore, to the extent that petitioner is seeking conditional or unconditional release, the Court must deny and dismiss this petition for lack of exhaustion. *See* 28 U.S.C. § 2254(b)(1)(A).

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) and his motion for habeas corpus (Docket No. 9) are **DENIED AND DISMISSED** as time-barred and for failure to exhaust state remedies. *See* 28 U.S.C. § 2244(d)(1)(A); and 28 U.S.C. § 2254(b)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 22nd day of July, 2020.

SL R. CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE